# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>MARTIN WAYNE FLANDERS,<br><br>Movant. | No. 2:12-cr-363 TLN EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Movant, proceeding without counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] ECF No. 114. The government has responded and the motion stands submitted. ECF No. 131. For the reasons stated hereafter, it is recommended that the motion be denied.

## I.  Background

A criminal complaint filed September 28, 2012 charged movant with fraud (pursuant to 18 U.S.C. § 1341 and 18 U.S.C. § 371) in relation to a loan modification and mortgage rescue scheme targeting distressed home owners. ECF No. 1. Movant pled guilty to mail fraud under 18 U.S.C. § 1341 on February 5, 2015 in exchange for dismissal of the other counts against him. ECF Nos. 54, 59. The relevant plea agreement specified, *inter alia*, that:

/////

---

[1] This motion was assigned, for statistical purposes, the following civil case number: 2:16-cv-1874 TLN EFB.

1

> The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed 120 months. The defendant specifically gives up the right to appeal any order of restitution the court may impose.
>
> . . .
>
> In addition, regardless of the sentence the defendant receives, the defendant also gives up any right he may have to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

ECF No. 59 at 9-10. Movant signed the plea agreement and, in so doing, agreed that:

> I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

*Id*. at 11.

At a sentencing hearing on October 29, 2015, the court determined that movant had an advisory offense level of 24 and an advisory range of imprisonment from 77 to 96 months. ECF No. 131-3 at 30-31. Movant was sentenced to 77 months. *Id.* at 32-33. Movant filed the instant section 2255 motion on August 8, 2016. ECF No. 114.

**II.     Legal Standards**

The Ninth Circuit has held that "[p]lea bargains are contractual in nature and must be measured by contract law standards." *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992) (internal quotations omitted). It is settled that a defendant may waive his right to bring a section 2255 petition. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Id*. A plea agreement does not waive the right to bring a section 2255 petition unless it does so expressly, however. *See United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). Additionally, a waiver will not apply where: (1) a guilty plea fails to

comply with Fed. R. Crim. P. 11; (2) the sentencing judge informs a defendant, contrary to the terms of the plea agreement, that he retains the right to appeal; (3) the sentence does not comport with the terms of the plea agreement; or (4) the sentence violated the law. *See United States v. Watson*, 582 F.3d 974, 987 (9th Cir. 2009).

**III. Analysis**

Movant argues that: (1) his advisory offense level was miscalculated when the court applied a loss amount of 125,000 dollars rather than 115,000; (2) the sentencing guidelines were amended two days after his sentencing and raised the relevant loss limit from 120,000 dollars to 150,000; (3) his counsel was ineffective in failing to: (i) provide him with an interview with probation staff in preparation for the Presentence Investigation Report; (ii) litigate an 'inaccuracy' in the guidelines calculation; (iii) failing to seek application of the proposed amendments to the guidelines which were not yet in effect; (iv) failing to move to continue the sentencing until a date after the guidelines were amended; and (v) to file a timely appeal. ECF No. 114 at 4-8. He argues that his sentence should be vacated and he should be re-sentenced.

The government argues that the court should deny movant's motion because: (1) he waived his claims pursuant to the plea agreement; (2) he has procedurally defaulted all claims aside from ineffective assistance of counsel; and (3) his claims regarding application of the Sentencing Guidelines are not cognizable under section 2255. ECF No. 131 at 10-16. Alternatively, the government argues that movant's claims fail on their merits. *Id.* at 16-21.

For the reasons stated hereafter, the court concludes that movant's motion is barred by the terms of his plea agreement and declines to reach the government's other arguments.

As an initial matter, movant has not filed a reply to the government's opposition and the deadline for doing so has passed. The court notes that the record evinces no dispute as to whether movant signed the plea agreement in question or whether he entered into that agreement knowingly and voluntarily. During the plea colloquy, the court asked movant whether he was giving up his right to collaterally attack his sentence and movant responded in the affirmative. ECF No. 131-1 at 11-12. The plea agreement, as noted above, encompasses a waiver of the immediate claims insofar as it expressly provides that the movant waives his right to bring a

3

section 2255 petition attacking "any aspect of the guilty plea, conviction, or *sentence* . . . ." ECF No. 59 at 10 (emphasis added). The calculation of movant's advisory offense level plainly informed his sentence and is, consequently, an aspect of it. Additionally, this waiver necessarily extends to any claim that movant's counsel was ineffective at sentencing, whether by: failing to provide him with an interview before probation staff, failing to litigate inaccuracies in the guidelines calculations, failing to seek application of proposed guidelines amendments not yet in effect, or failing to motion for a continuance until after those guidelines amendments took effect. *See United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000) (holding that when appellant "waived his statutory right to appeal his sentence, he implicitly waived his right to argue ineffective assistance of counsel involving the sentencing issue on direct appeal, because an appeal that includes an ineffective assistance of counsel at sentencing argument is still an appeal from one's sentence.").[2]

The only question that remains is whether the waiver extends to movant's claim that his counsel was ineffective in failing to file a timely appeal. The government concedes that this question is an open one in the Ninth Circuit. In the absence of controlling authority, the district courts that have considered this question have not reached consensus. At least one court has held that a § 2255 waiver cannot encompass a claim of ineffectiveness premised on the failure to file a requested appeal. *See Sanchez v. United States*, No. 1:05-cr-346 OWW, 2008 WL 2622866, at *1 (E.D. Cal. June 24, 2008). In *Sanchez*, the court explained that:

> A defendant may waive the statutory right to bring a Section 2255 motion challenging the conviction or sentence. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992), *cert. denied*, 508 U.S. 979, 113 S.Ct. 2980, 125 L.Ed.2d 677 (1993). The Ninth Circuit ruled that "a plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver." *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005), *cert. denied*, 547 U.S. 1074, 126 S.Ct. 1778, 164 L.Ed.2d 525 (2006). Petitioner made no claim in his Section 2255 motion that the waiver of his right to

---

[2] The government correctly points out that, on this question, there is no relevant distinction between an appellate waiver and wavier of a § 2255 motion. *See Abarca*, 985 F.2d at 1014 (holding that both a direct appeal and a § 2255 motion are statutory and "[a] knowing and voluntary waiver of a statutory right is enforceable.").

4

> collaterally attack his conviction and sentence was not knowing and voluntary. Nonetheless, Petitioner's claim that his attorney did not file a notice of appeal after being requested to do so can only be raised in a Section 2255 motion. Although [*United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2005)] did not specifically involve a waiver of the right to appeal and a waiver of the right to collaterally attack his conviction and sentence, the Ninth Circuit's holding, when conjoined with the Supreme Court's statement in *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), strongly implies that this claim of ineffective assistance of counsel may proceed to the merits, notwithstanding waiver issues.

2008 WL 2622866, at *1. By contrast, other courts have found this issue barred where the waiver of a § 2255 motion was contemplated in the plea agreement and the waiver was both knowing and voluntary. *See*, *e.g.*, *Loviano v. United States*, No. 1:09-cr-272 AWI, 2014 WL 3362210, at *2 (E.D. Cal. July 8, 2014); *United States v. Taggart*, No. 2:11-cr-0140 MCE KJN, 2014 WL 3867431, *4 (E.D. Cal. Aug. 6, 2014). In *Loviano* the court reasoned:

> This Court is reluctant to read *Sandoval–Lopez* to permit a district court to refuse to enforce an admittedly voluntary waiver of collateral review based on a finding that an issue may be meritorious if it were not waived. The Ninth Circuit has recognized that courts should enforce a waiver of the right to collaterally review of a conviction if "(1) the language of the waiver encompasses the defendant's right to [dispute] the grounds claimed ..., and (2) the waiver is knowingly and voluntarily made." *United States v. Ligon*, 461 F. App'x 582, 583 (9th Cir. 2011) (quoting *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000)). The § 2255 motion filed here is unquestionably a form of collateral relief encompassed by the plea agreement. In fact, it is specifically listed in the agreement.

2014 WL 3362210, at *2. The question is a close one, but the court need not decide it in order to resolve this issue because, even if this claim were not waived, the record shows that it would fail on the merits. Attached to the government's opposition is a memorandum, signed by the movant and dated November 9, 2015. ECF No. 131-4 at 4. The memorandum provides that after speaking with both his attorney of record (Mr. James R. Greiner) and an appellate attorney with the Federal Defender's Office (Ms. Ann McClintock) about a potential appeal, movant had voluntarily decided not to pursue one. *Id.* He stated that no one had threatened him or made any promises to him in an attempt to affect this decision. *Id.* It is well settled that "a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following

5

his instructions, his counsel performed deficiently." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

### IV. Conclusion

Accordingly, it is HEREBY RECOMMENDED that:

1. Movant's motion to vacate, set aside, or correct his sentence pursuant to section 2255 (ECF No. 114) be denied; and

2. The Clerk be directed to close the companion civil case, No. 2:16-cv-1874-TLN-EFB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: June 27, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE